**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Case No. 21-13216 |
| Michael Lumb, | Chapter 13 |
| Debtor. | |

---

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

---

Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC ("Creditor"), by and through the undersigned counsel, for its Objection to Confirmation of Chapter 13 Plan (the "Objection"), states as follows:

### BACKGROUND

1. Michael Lumb (the "Debtor") filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on December 6, 2021 (the "Petition"). Doc. 1.

2. Debtor filed his proposed Chapter 13 Plan on December 16, 2021. Doc. 13. On the same day, Debtor filed his Schedules. Doc. 10. Debtor's Plan filed on December 16, 2021, was incomplete, possibly due to technical issues, and failed to identify Debtor's intentions concerning his obligations to Creditor. Creditor, through its counsel, advised Debtor's counsel of the incomplete filing, and on January 3, 2022, Debtor refiled his Chapter 13 Plan (the "Plan"). Doc. 20.

3. Creditor is a secured creditor. *See* Plan, § 7(c). Creditor intends to file its proof of claim on or before the claim deadline, February 14, 2022, wherein it will detail an estimated pre-petition arrearage and a total claim in the amount of approximately $182,243.69.

4.     The meeting of creditors was scheduled to be held on January 26, 2022. However, the meeting of creditors was continued to February 9, 2022.[1] On information and belief, Debtor was missing certain necessary declarations.

### THE LOAN

5.     On January 28, 2020, Debtor executed a Promissory Note in favor of Creditor, under which he agreed to pay the principal sum of $141,525.00, plus all accrued interest and charges on or before February 1, 2021 (the "Note"). The Note is secured by a Commercial Mortgage, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing (the "Mortgage" and with the Note and all related documents, the "Loan Documents") on the real estate commonly known as 1530 W. Lehigh Ave., Philadelphia, PA (the "Property"). The Mortgage was recorded on February 4, 2020 with the Philadelphia County Recorder's Office as Document ID 53627600. The Note matured on February 1, 2021, well before Debtor filed the Petition.

### OBJECTIONS TO CONFIRMATION

6.     Pursuant to the Plan, Debtor proposes *no payments* to FoAC. Instead, Debtor intends to sell the Property "within 8 months of the commencement of this bankruptcy case." *See* Plan, § 7(c).

---

[1] Debtor's confirmation hearing is currently scheduled for February 3, 2022. However, under 11 U.S.C. § 1324(b) "[t]he hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date." On information and belief, the Court has not made a determination that it would be in the best interests of the creditors and the estate to hold a confirmation hearing at an earlier date, and accordingly, the confirmation hearing should be appropriately rescheduled.

7. Debtor's 13 Plan fails to provide for the cure of Creditor's pre-petition arrearage or maintenance of ongoing post-petition mortgage payments. Instead, Debtor's proposed Plan merely provides for a speculative sale of the Property, with a plan modification thereafter if the sale is unsuccessful. *See* Plan, § 7(c)(6). At that, the Debtor's proposed interest rate of 2% is well below the agree interest rate of 9.990%, in violation of 11 U.S.C. § 1325(a)(5)(B)(ii).

8. Debtor's proposed Plan is not feasible and violates 11 U.S.C. § 1325(a)(6). First, Debtor's proposed Plan is not feasible to the extent its success hinges entirely on a contingent and speculative sale of the Property. Where a proposed sale of real property is uncertain, the Plan is infeasible, and confirmation must be denied. *See, e.g., In Re Erickson*, 176 Bankr. 753, 757 (E.D. Pa. 1995) (denying confirmation of Chapter 13 Plan where Plan failed to specify the terms of the sale listing and made no statement regarding remedies accorded to the secured creditors if the projected sale was unsuccessful); *In re Vieland*, 41 B.R. 134, 140 (Bankr. N.D. Ohio 1984) (no authority under the Bankruptcy Code if the sale is merely speculative); *In re Tucker*, 34 B.R. 257, 263 (Bankr. W.D. Okla. 1983) (finding that "debtors must do more than simply state that assets will be sold sometime in the future[;] they must bear the burden of showing a likelihood of consummating their proposed sale."); *In re Pruett*, 178 B.R. 7, 9 (Bankr. N.D. Ala. 1995) (denying confirmation of plan which proposed sale of real estate where no market prices were established, noting "that a plan to sell property in the future at an unspecified price is not feasible."). Here, the Debtor's Plan provides no details about the amount of the proceeds he expects to receive from the sale, the process by which the Property will be marketed for sale, or any other details that would demonstrate a likelihood that the sale will be consummated. Absent any of these necessary details, the proposed sale of the Property is entirely speculative, and cannot form the basis of a confirmable plan. The lack of feasibility of the Plan is also not mitigated by the Debtor's proposal to file a

plan modification providing for payment of Creditor's claim in the event the Property is not sold within the 8-month sale period. In order to satisfy Creditor's claim over the remaining life of the Plan, the Plan would need to provide for payments to Creditor in excess of $3,000 per month. Based upon the income and expense figures in Debtor's Schedules I and J, Debtor has no ability to make such a payment, and the Plan is not feasible as a result.

9. The proposed Plan further fails to provide for adequate protection. Debtor's schedules establish that Debtor has no equity in the Property. *See* Doc. 10, Schedule D (claim estimated at $160,000.00; Property valued at $155,000.00). The proposed Plan further fails to identify how Debtor will continue to meet the Property's ongoing tax and insurance obligations. In light of the foregoing, the Plan would cause undue hardship on Creditor, and provide no conceivable benefit to the Estate.

## CONCLUSION

10. Creditor hereby reserves its right to supplement this Objection as further bases for objecting to the Plan are revealed, if the Plan is hereinafter amended, or any future motion is filed seeking approval of the sale of real estate or extension of sale date processes.

WHEREFORE, Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC respectfully requests that this Court enter an Order sustaining the objection and denying confirmation of the Debtor's Plan and grant it such other and further relief as may be appropriate under the circumstances.

DINSMORE & SHOHL LLP

Dated: January 21, 2022

*/s/ John J. Berry*
John J. Berry, Esquire
PA ID # 313481
john.berry@dinsmore.com
Six PPG Place, Suite 1300
Pittsburgh, PA 15222

Telephone:   (412) 281-5000
Facsimile:   (412) 281-5055

*Counsel for Finance of America Holdings, LLC*

**CERTIFICATE OF SERVICE**

    I the undersigned hereby certify that a true copy of the foregoing Objection to Confirmation of Chapter 13 Plan was served upon the all parties of record via the CM/ECF notification system on January 21, 2022 and was served on the following counsel by US Mail at the addresses listed below:

TIMOTHY ZEARFOSS
Law Office of Timothy Zearfoss
143-145 Long Lane
Upper Darby, PA 19082
(*Counsel for Debtor Michael Lumb*)

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107
(*Chapter 13 Trustee*)

/s/ *John J. Berry*
John J. Berry, Esquire