## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 21-13216 |
| Michael Lumb, | Chapter 13 |
| Debtor. | Judge Magdeline D. Coleman |

### SUPPLEMENT TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY FROM THE ESTATE AND PLAN OBJECTION

Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC ("Creditor"), by and through counsel, Dinsmore & Shohl LLP, submits this Supplement to Motion for Relief from the Automatic Stay and Abandonment of Property from the Estate and Plan Objection.

1. Michael Lumb ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on December 16, 2021 [DN 13] (the "Petition Date"). On January 3, 2022, Debtor filed an amended Chapter 13 Plan (the "Plan") [DN 20]. Pursuant to the Plan, the Debtor proposed *no payments* to Creditor but instead intended to sell the Property "within 8 months of the commencement of this bankruptcy case." *See* Plan, § 7(c).

2. Creditor filed an objection to the Plan on January 21, 2022 [DN 25] on the basis that the Plan failed to provide for the cure of pre-petition arrearage or maintenance of ongoing post-petition mortgage payments, was entirely dependent on an entirely speculative sale of the subject property, and thus, was not feasible and violates 11 U.S.C. § 1325(a)(6).

3. Then, Creditor filed its *Motion for Relief from the Automatic Stay and Abandonment of Property from the Estate* (the "Motion") [DN 32] on February 10, 2022. In the Motion, Creditor argued it was entitled to relief from the automatic stay because the Plan: **i)** failed

to provide for adequate protection (as it proposed *no payments* to Creditor), **ii)** failed to provide any details about the process by which the subject property would be marketed or provide any concrete details which reveal a likelihood that the sale will take place, and **iii)** the Debtor has no equity in the subject property. Based on the Debtor's initial Plan and accompanying schedules, the subject property was valued at $155,000.00, and Creditor's claim was for $182,243.69 [Claim 5-1]. Based on the foregoing, Credit argued that cause exists under Section 362(d)(1) of the Bankruptcy Code to grant Creditor relief from the automatic stay due to the lack of adequate protection, the Debtor's lack of equity in the property, and the property being unnecessary for reorganization.

4. Debtor responded to the Motion on March 6, 2022 [DN 35], claiming there was equity in the property because the Debtor now "believes the property is worth approximately $200,000.00." Debtor filed an amended schedule accordingly. In his response and objection to Creditor's Motion, Debtor argued he was working to refinance and/or sell the subject property within six months. At or around the time the Debtor responded to the Motion, Debtor's counsel provided a "Listing Contract" to the Trustee and Creditor's counsel in an effort to demonstrate the Debtor's efforts to sell the subject property. Although the Listing Contract was purportedly executed on Saturday, January 1, 2022, the subject property was never publicly listed for sale based on a public listing search.

5. On March 8, 2022, an Evidentiary Trial was scheduled for the Motion [DN 37]. As of the date of this filing, the Evidentiary Trial is scheduled to proceed on April 25, 2022. The subject of the Evidentiary Trial is the value of the subject property.

6. In light of the pending evidentiary hearing, Creditor's counsel requested, through Debtor's counsel, that Debtor provide Creditor or its agent access to the subject property so that

Creditor could conduct an updated appraisal in preparation for the Evidentiary Trial. In response to Creditor's request, Debtor's counsel advised that Debtor "is conceding the present value of the the property is $150,000 and will propose to pay the 'cramdown' value at the Till interest." Debtor then *again* changed his position concerning the property and filed amended schedules reflecting the property's value is $155,000 [DN 39]. Debtor has provided no meaningful explanation of why the value for the subject property continues to change. Seemingly, when it is to the Debtor's advantage to have equity in the property, Debtor claims a higher value. When equity is to the Debtor's detriment, he claims a lower value. This behavior cannot be condoned.

7.  In addition to continually adjusting the property's value to fit Debtor's immediate needs, Debtor still has not clearly articulated his intentions with the property. First, Debtor wanted to sell the property. Then, he wanted to refinance the property. Now, Debtor intends to pay the 'cramdown' value at the Till interest based on newly found rental income. *See* Amended Schedule I [DN 40]. Debtor now claims to receive interest income of $2,450.00. After further requests, Debtor finally filed the required "statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income." However, Debtor has provided no evidence of the rental income claimed (by providing the lease or a single rent check), and based on Creditor's external review of the subject property, it is unoccupied.

8.  Based on the newfound monthly rental income of $2,450.00, Debtor proposes paying Creditor through an Amended Plan [DN 42] by making payments to the Trustee of $2,427.32 per month for 4 months, then $3,540.12 for 56 months. Based on Debtor's monthly net income [DN 41], Debtor can barely afford the proposed payments, and that assumes Debtor actually collects the alleged $2,450.00 per month in rental income. Without the rental income – which Debtor has provided no information about - Debtor cannot remotely afford his proposed

payments. Without a more meaningful disclosure of the alleged $2,450.00 per month in rental income Debtor *now* receives, the Amended Plan is not feasible.

WHEREFORE, Creditor respectfully prays that the Court: **i**) deem the Evidentiary Trial unnecessary as Debtor concedes the value of the property, **ii**) rule on the Motion and grant Creditor relief from the automatic stay afforded to the Debtor pursuant to Section 362(d)(1) of the Bankruptcy Code and abandoning the property pursuant to Sections 554(a) and/or (b) of the Bankruptcy Code, **iii**) permit this document to stand as a supplement to Creditor's Objection to the Plan and/or Amended Plan, and **iv**) grant Creditor such other and further relief as may be appropriate under the circumstances.

Dated: April 22, 2022                                DINSMORE & SHOHL LLP

*/s/ John Berry*
John J. Berry, Esquire
PA ID #313481
john.berry@dinsmore.com
Six PPG Place, Suite 1300
Pittsburgh, PA 15222
Telephone: (412) 281-5000
Facsimile: (412) 281-5055

*Counsel for Creditor Finance of America Mortgage LLC*

## CERTIFICATE OF SERVICE

On April 22, 2022, Creditor Finance of America Mortgage served its Supplement to its Motion for Relief from the Automatic Stay and Abandonment of Property from the Estate on all parties of record by this Court's CM/ECF system and has served the following parties by U.S. mail.

TIMOTHY ZEARFOSS, Esq.
Law Office of Timothy Zearfoss
143-145 Long Lane
Upper Darby, PA 19082
(*Counsel for Debtor Michael Lumb*)

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107
(*Counsel for the Chapter 13 Trustee*)

/s/ John Berry