# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **Michael Lumb,** ) | Case No. 21-13216 |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |

---

**OBJECTION TO CONFIRMATION OF FIFTH AMENDED CHAPTER 13 PLAN**

---

Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC ("Creditor"), by and through the undersigned counsel, for its Objection to Confirmation of Debtor's Fifth Amended Chapter 13 Plan (the "Objection"), states as follows:

1. Michael Lumb ("Lumb") filed a voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on December 6, 2021 (the "Petition"). Doc. No. 1.

2. Creditor is a secured creditor related to property located at 1530 W. Lehigh Ave., Philadelphia, PA 19132 ("Property"). *See* Claim 5-1.

3. Debtor filed his initial proposed Chapter 13 Plan on December 16, 2021. Doc. 13. On the same day, Debtor filed his Schedules. Doc. 10. Debtor's Plan filed on December 16, 2021, was incomplete, possibly due to technical issues, and failed to identify Debtor's intentions concerning his obligations to Creditor. Creditor, through its counsel, advised Debtor's counsel of the incomplete filing, and on January 3, 2022, Debtor refiled his Chapter 13 Plan (the "Plan"). Doc. 20.

5. On January 25, 2022, Creditor filed its Objection to the Plan. Doc. 25. As the basis of its Objection, Creditor argued, *inter alia*, the Plan, which proposed no payments to Creditor was

not feasible and violated 11 U.S.C. § 1325(a)(6) because it hinged entirely on a contingent and speculative sale of the Property. *See id.*

6.  On February 10, 2022, Creditor filed its Motion for Relief from Stay and Abandonment of Property from the Estate (the "Stay Relief Motion"). Doc. 32. The Stay Relief Motion was briefed, and an evidentiary hearing was held on April 25, 2022. Doc. 52. As of the date of this Objection to the Fifth Amended Plan, Creditor awaits a ruling on the Stay Relief Motion.

7.  On March 31, 2022, Debtor filed an Amended Plan (the "Amended Plan"). Doc. 42. Under the Amended Plan, Debtor, without explanation reversed his strategy and proposed to keep the Property, despite previously advising it was listed for sale. Under the Amended Plan, Debtor proposed ongoing payments in the amount of $3,540.12. Under the Amended Schedules filed on March 31, 2022, Debtor's monthly net income doubled from the original Plan to $3,692.00. Most of this difference came from the additional "rental income" Debtor reported from the Property. Under Schedule I, the Debtor must produce "a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income." Debtor did not initially file or provide this statement, however, Debtor's Statement of Monthly Gross Receipts was eventually filed on April 15, 2022. Doc. 47.

8.  Debtor's counsel provided Creditor's counsel uncorroborated leases which appear to represent month-to-month leases on the Property. Debtor's Counsel failed to provide any information whatsoever about the alleged tenant's creditworthiness and the tenants have no proven track record at the Property.

9.  On July 20, 2022, Debtor filed a Second Amended Plan (the "Second Amended Plan"). Doc. 59. Under the Second Amended Plan, Debtor again proposed to keep the Property.

Under the Second Amended Plan, Debtor proposed ongoing payments in the amount of $4,227.64. Again, the Debtor relies on rental income from the Property to support the Plan.

10. In filing a Second Amended Plan, Debtor still failed to provide any additional information on the uncorroborated leases, the alleged tenant's creditworthiness or the tenants' record at the Property. Debtor's Second Amended Plan fails without the rental income from the Property.

11. On August 27, 2022, Debtor filed a Third Amended Plan (the "Third Amended Plan"). Doc. 69. Under the Third Amended Plan, Debtor proposed to keep the Property. Under the Third Amended Plan, Debtor proposed ongoing payments in the amount of $4,241.63. Again, the Debtor relies on rental income from the Property to support the Plan. Debtor's Third Amended Plan fails without the rental income from the Property.

12. In filing a Third Amended Plan, Debtor failed to provide any additional information on the uncorroborated leases, the alleged tenant's creditworthiness or the tenants' record at the Property.

13. On September 28, 2022, Debtor filed an Fourth Amended Plan (the "Fourth Amended Plan"). Doc. 72. Under the Fourth Amended Plan, Debtor again proposed to keep the Property and makes no reference to the prior listing for sale. Under the Fourth Amended Plan, Debtor proposed ongoing payments in the amount of $4,569.15. Again, the Debtor relies on rental income from the Property to support the Plan.

14. In filing a Fourth Amended Plan, Debtor failed to provide any additional information on the uncorroborated leases, the alleged tenant's creditworthiness or the tenants' record at the Property.

15. On November 14, 2022, Debtor filed a Fifth Amended Plan (the "Fifth Amended Plan"). Doc. 75. Under the Fifth Amended Plan, Debtor proposed to keep the Property. Under the Fifth Amended Plan, Debtor proposed ongoing payments in the amount of $4,287.04, which without explanation is reduced from the Fifth Amended Plan. Again, the Debtor relies on rental income from the Property to support the Plan. Debtor's Fifth Amended Plan fails without the rental income from the Property.

16. In filing a Fifth Amended Plan, Debtor failed to provide any additional information on the uncorroborated leases, the alleged tenant's creditworthiness or the tenants' record at the Property. Without the newly found rental income, Debtor's Schedules I and J, which have not been updated, suggest Debtor cannot honor his proposed commitments under the Fifth Amended Plan.

17. A Chapter 13 plan must be feasible. 11 U.S.C. § 1325(a)(6). This section provides that a court shall confirm a plan if the debtor will be able to comply with and make all payments under the plan. *Id*. Section 1325(a)(6) requires that visionary or speculative Chapter 13 plans not be approved. *Id.*

18. "A debtor's plan must have a reasonable likelihood of success", *i.e.,* that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6). "Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan." *In re Martorana*, No. 07-13861bf, 2008 Bankr. LEXIS 1460, at *9 (Bankr. E.D. Pa. Apr. 11, 2008) (internal citations omitted).

19. Whether the debtor's plan is feasible is a factual question. *Todd v. Railroad Federal Credit Union (In re Todd)*, 181 Bankr. 997, 1004 (Bankr. N.D. Ala. 1995); *see also In*

*re Hogue*, 78 Bankr. 867, 872 (Bankr. S.D. Ohio 1987). The debtor has the ultimate burden of persuasion that his proposed Chapter 13 plan meets the statutory requirements for confirmation. *See, e.g., In re Ziegler,* 88 B.R. 67, 69 (Bankr. E.D. Pa. 1988).

20. As with the initial plan, Debtor's Fifth Amended Plan is contingent and speculative on external events. Although the speculation regarding the sale of the Property has been removed, Debtor's plans remain speculative on Debtor receiving rental income that has not been substantiated. Moreover, the uncorroborated leases provided by Debtor's counsel to Creditor's counsel represent month-to-month leases, provide no information whatsoever about the alleged tenant's creditworthiness, and the tenants have no proven track record at the Property.

21. Given the lack of information related to the rental income, there is substantial questions regarding the ability to satisfy the Fifth Amended Plan for the duration of the plan. Without the newly found, unsubstantiated, rental income, Debtor's Schedules I and J suggest Debtor cannot honor his proposed commitments under the Fifth Amended Plan.

22. Here, the Debtor did not meet his evidentiary burden to demonstrate that his amended plan is feasible. *See, e.g., Scott v. Ruskin (In re Scott),* 1999 U.S. App. LEXIS 19774, 1999 WL 644380, at *1 ("Without a credible basis to find that he could pay the $ 100 per month that his plan required, the plan could not be confirmed."); *In re Haskell,* 252 B.R. 236, 244 (Bankr. M.D. Fla. 2000) (chapter 13 confirmation was denied when debtor was delinquent in plan payments, and debtor's testimony regarding future income was not persuasive); *In re Gale,* 8 B.R. 960, 962-63 (Bankr. D. Md. 198.1) (confirmation of chapter 13 plan is denied because future plan payments were "conjectural at best.").

23. In light of the foregoing, the Plan is speculative, full of conjecture and not feasible.

**CONCLUSION**

24. The Fifth Amended Plan fails to demonstrate feasibility outside of newly found rent, which is unfounded and speculative given the lack of tenant history and/or credit worthiness provided to date. Debtor failed to meet his evidentiary burden.

WHEREFORE, Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC respectfully requests that this Court enter an Order sustaining the objection and denying confirmation of the Debtor's Fifth Amended Plan and grant it such other and further relief as may be appropriate under the circumstances.

DINSMORE & SHOHL LLP

Dated: November 28, 2022

*/s/ John J. Berry*
John J. Berry, Esquire
PA ID # 313481
john.berry@dinsmore.com
Six PPG Place, Suite 1300
Pittsburgh, PA 15222

# **CERTIFICATE OF SERVICE**

On November 28, 2022, Creditor Finance of America Mortgage served its Objection to Fifth Amended Plan on all parties of record by this Court's CM/ECF system and has served the following parties by U.S. mail.

TIMOTHY ZEARFOSS, Esw.
Law Office of Timothy Xearfoss
143-145 Long Lane
Upper Darby, PA 19082
*(Counsel for Debtor Michael Lumb)*

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street – Suite 1813
Philadelphia, PA 19107
*(Counsel for the Chapter 13 Trustee)*

*/s/ John J. Berry*