IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **Michael Lumb,** ) | Case No. 21-13216 |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |

**SUPPLEMENT TO FINANCE OF AMERICA MORTGAGE LLC'S OBJECTION TO CONFIRMATION OF SIXTH AMENDED CHAPTER 13 PLAN**

Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC ("Creditor"), by and through the undersigned counsel, for its Supplement to Objection to Confirmation of Debtor's Fifth Amended Chapter 13 Plan (the "Objection"), states as follows:

1. On January 28, 2020, Michael Lumb ("Lumb") executed a commercial mortgage in favor of Finance of America Commercial LLC, against property located at 1530 W. Lehigh Ave., Philadelphia, PA 19132 ("Property") to secure a Promissory Note in the amount of $141,525.00. Proof of Claim No. 5-1.

2. Lumb filed a voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on December 6, 2021 ("Petition"). Docket No. 1.

3. Creditor is a secured creditor related to property located at 1530 W. Lehigh Ave., Philadelphia, PA 19132 ("Property").

4. The Property is not Debtor's primary residence.

5. On December 24, 2022, Debtor filed a Sixth Amended Plan (the "Sixth Amended Plan"). Doc. 79. Under the Sixth Amended Plan, Debtor proposed to keep the Property. Under the Sixth Amended Plan, Debtor proposed ongoing payments in the amount of $4,965.00, which without explanation is increased from the Fifth Amended Plan. Again, the Debtor relies on rental income from

the Property to support the Plan. Debtor's Sixth Amended Plan fails without the rental income from the Property.

6. On January 25, 2023, Creditor filed an Objection to the Sixth Amended Plan, noting, amongst other issues, Debtor's Sixth Amended Plan was not feasible. See Objection, incorporated herein as if fully set forth. Docket No. 87.

7. In addition to Creditor's arguments sent forth in its Objection to Debtor's Sixth Amended Plan, Debtor's Sixth Amended Plan improperly modifies Creditor's secured claim. The Sixth Amended Plan proposes to reamortize the mortgage in the amount of $175,502.47 at 5% interest over 60 months.

8. The Sixth Amended Plan modifies the lower the interest rate from 9.99% to 5%. See Docket No. 79.

9. The Sixth Amended Plan's proposed interest rate does not consider the attendant risk involved with the Sixth Amended Plan.

10. Creditor is deprived of its right to foreclose due to the length of the bankruptcy and the Creditor's Motion for Relief From Stay remains pending before this Court.

**A. Debtor's Sixth Amended Plan Remains Speculative.**

11. As with the initial plan, Debtor's Sixth Amended Plan is contingent and speculative on external events. Although the speculation regarding the sale of the Property has been removed, Debtor's plans remain speculative on Debtor receiving rental income that has not been substantiated. Moreover, the uncorroborated leases provided by Debtor's counsel to Creditor's counsel represent month-to-month leases, provide no information whatsoever about the alleged tenant's creditworthiness, and the tenants have no proven track record at the Property.

12.     Additionally, the recently filed Amended Schedule I reduced the monthly rental income by $850.00 from the prior Debtor's Schedule I.

13.     Further, there has been no discussion or explanation on decrease in rental income. There has been no evidence providing any change in the drop in rental rates in the area where the Property is located. There has been no evidence in any change to the Property.

14.     The change in rental income and lack of explanation underscores the speculative nature of Debtor's Sixth Amended Plan.

15.     In addition, Debtor asserted newly found income in the Amended Schedule I, but fails to provide information regarding any terms of employment, compensation, or reliability. The new income is entirely speculative.

16.     Given the lack of information related to the rental income, there is substantial questions regarding Debtor's ability to satisfy the Sixth Amended Plan for the duration of the plan. Without the newly found, unsubstantiated, rental income, Debtor's Amended Schedules I and J suggest Debtor cannot honor his proposed commitments under the Sixth Amended Plan.

17.     Here, the Debtor did not meet his evidentiary burden to demonstrate that his amended plan is feasible. *See, e.g., Scott v. Ruskin (In re Scott),* 1999 U.S. App. LEXIS 19774, 1999 WL 644380, at *1 ("Without a credible basis to find that he could pay the $ 100 per month that his plan required, the plan could not be confirmed."); *In re Haskell,* 252 B.R. 236, 244 (Bankr. M.D. Fla. 2000) (chapter 13 confirmation was denied when debtor was delinquent in plan payments, and debtor's testimony regarding future income was not persuasive); *In re Gale,* 8 B.R. 960, 962-63 (Bankr. D. Md. 198.1) (confirmation of chapter 13 plan is denied because future plan payments were "conjectural at best.").

### B. Debtor's Plan Fails To Include The Market Rate Of Interest.

18. In *Till v. SCS Credit Corp.* 541 U.S. 465, 479-80, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004), the Supreme Court held that the "prime-plus or formula rate best comports with the purposes of the Bankruptcy Code" in determining the cram-down interest rate owed to secured creditors, post-effective date, under section 1325(a)(5). Under this formula, a bankruptcy court must first consider the current prime interest rate and adjust that rate upwards to compensate the secured creditor for the appropriate risk of non-payment under the confirmed plan. *Id.*

19. Moreover, the Court, observed that the typical risk premium was 1% to 3% above the prime rate. *Id.*, 541 U.S. at 480, 124 S.Ct. 1951; *In re S. Canaan Cellular Invs.*, 427 B.R. 44, 77 (Bankr. E.D. Pa. 2010) (confirming a 2.75% risk premium over prime rate of interest on a secured claim); *RGW Props. of Beaver Cty., Inc v. Nationstar Mortg., LLC (In re RGW Props. of Beaver Cty., Inc)*, 564 B.R. 489, 494 n.27 (Bankr. W.D. Pa. 2017); *see also In re Golash*, 428 B.R. 189, 191 (Bankr W.D. Pa. 2010).

20. Since *Till*, courts have applied the formula approach to various Chapter 13 plans. *See In re Smith*, 310 B.R. 631, 634 (D. Kansas 2004) (reversing bankruptcy court decision on interest rate in four Chapter 13 plans because it did not use the prime rate as its base rate and did not conduct case-by-case evidentiary hearings to determine the proper risk adjustment for each loan); *In re Cachu, 321 B.R.* 716, 2005 Bankr. LEXIS 236, 2005 WL 407799 *7 (Bankr. E.D. Cal.) (ruling that the "proper cramdown rate for tax claim of $ 3,559.13 under prime plus' formula was a combination of the prime rate in effect" on the effective date of the plan which was 4.25%, "plus a risk adjustment of 0.5%."); *In re Bivens*, 317 B.R. 755, 769 (Bankr. N.D. Ill. 2005) (approving *interest rate* of 7% comprised of 4.75% for prime *rate* and 2.25% for risk factor on $ 10,000 secured claim); *In re Harken,* 2004 Bankr. LEXIS 2062, 2004 WL 3019467 *2 (Bankr. N.D. Iowa)

(accepting Debtor's proposed interest rate of 8% per annum on secured claim of $ 18,739 where prime rate was 5% at the time of the valuation hearing); *In re Pokrzywinski,* 311 B.R. 846, 850-51 (Bankr. E.D. Wisc. 2004) (allowing simple rather than "add-on" interest at the rate of 5.75%, where prime rate was 4.24% and the parties agreed on a risk adjustment of 1.5% on allowed secured claim of $ 13,500).

21.     In order to confirm the Sixth Amended Plan, Creditor should be paid under the Sixth Amended Plan at an interest rate equal to the prime rate, plus the appropriate "risk adjustment" figure pursuant to *Till.*

22.     The current Wall Street Journal Prime rate is 7.75%. In its proposed plan, Debtor contemplates paying Creditor a 5% interest rate for five years. Debtor does not provide any information on how he arrived at the proposed interest rate. The proposed interest rate does not reflect the market rate of interest. The proposed interest rate does not reflect the contractual rate (9.99%).

23.     Further, there is nothing in the plan to suggest that Debtor would have the ability to pay the correct interest rate.

24.     In light of the foregoing, it is clear that Debtor's plan is not confirmable.

## CONCLUSION

25.     The Sixth Amended Plan does not show any meaningful progress from the original plan despite the passage of fourteen months. Instead, the last minute filings of apparent additional income and the change in rent for the Property, demonstrates the plan is based on conjecture and fails to evidence the probability of success. Moreover, the proposed treatment of Creditor is not fair or equitable given the interest rate proposed and therefore, the Plan cannot be confirmed over Creditor's Objection.

WHEREFORE, Finance of America Mortgage LLC f/k/a Finance of America Commercial LLC respectfully requests that this Court enter an Order sustaining the objection and denying confirmation of the Debtor's Sixth Amended Plan and grant it such other and further relief as may be appropriate under the circumstances.

                                                              DINSMORE & SHOHL LLP

Dated: March 14, 2023                   */s/ John J. Berry*
                                             John J. Berry, Esquire
                                             PA ID # 313481
                                             john.berry@dinsmore.com
                                             Six PPG Place, Suite 1300
                                             Pittsburgh, PA 15222

## **CERTIFICATE OF SERVICE**

On March 14th, 2023, Creditor Finance of America Mortgage served its Objection to Sixth Amended Plan on all parties of record by this Court's CM/ECF system and has served the following parties by U.S. mail.

TIMOTHY ZEARFOSS, Esw.
Law Office of Timothy Xearfoss
143-145 Long Lane
Upper Darby, PA 19082
*(Counsel for Debtor Michael Lumb)*

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street – Suite 1813
Philadelphia, PA 19107
*(Counsel for the Chapter 13 Trustee)*

/s/ *John J. Berry*